Filed: 5/13/2020 3:36 PM
Ellen Jaggers,
District Clerk
Franklin County, Texas
By: Courtney Peugh

Cause No. _____12655_____

| | | |
|---|---|---|
| THE RAMA FUND, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | FRANKLIN COUNTY, TEXAS |
| | § | |
| DEPARTMENT OF THE TREASURY - IRS | § | |
| | § | |
| *Defendant*. | § | 62nd   TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION FOR QUIET TITLE

Plaintiff The RAMA Fund, LLC ("Plaintiff" or "RAMA") files its Original Petition for quiet title, complaining of defendant Department of the Treasury – IRS ("Defendant" or "IRS"), and would respectfully show as follows:

### I.
### PARTIES AND SERVICE

1.  Plaintiff The RAMA Fund, LLC is a limited liability company organized under the laws of the State of California. It may be served through undersigned counsel.

2.  Defendant Department of Treasury - IRS may be served with process by (a) serving process the Civil Process Clerk, United States Attorney's Office, Eastern District of Texas, at 110 North College, Suite 700 Tyler, Texas 75702; and (b) serving process, by registered or certified mail, to: (i) the U.S. Attorney General's office at 950 Pennsylvania Ave., NW, Washington, D.C. 20530, and (ii) the IRS at 1111 Constitution Avenue, NW, Washington, DC 20224. *See* 28 U.S.C. 2410(b); Internal Revenue Manual at 5.17.5.5; FED. R. CIV. P. 4(i).

### II.
### DISCOVERY CONTROL PLAN

3.  Discovery in this matter will be controlled by Discovery Control Plan Level 2 described in Rule 190.3 of the Texas Rules of Civil Procedure.

Government Exhibit 1

### III.
### JURISDICTION, VENUE AND RULE 47 STATEMENT

4. This Court has subject matter jurisdiction over this suit because the amount in controversy, excluding interest, exceeds the minimum jurisdictional limits of Constitutional District Courts. *See* TEX. GOV'T CODE ANN. §24.007(b); TEX. CONST. art. 5, § 8. This suit seeks only equitable relief for quiet title to Property in which the United States claims an interest and, as such, falls within an express legislative waiver of the IRS' immunity from suit. *See* 28 USC § 2410(a) ("[T]he United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter— (1) to quiet title to . . , real or personal property on which the United States has or claims a mortgage or other lien.").

5. Venue is mandatory in Franklin County, Texas because this is a suit to quiet title to real property that is located entirely within Franklin County, Texas. *See* TEX. CIV. PRAC. & REM. CODE §15.011. Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief. *See* TEX. R. CIV. P. 47.

### IV.
### STATEMENT OF FACTS

**A.  RAMA's Superior Deed of Trust Lien.**

6. On September 7, 2017, Todd Prince and Allison Prince, whose address is 5212 Silver Lake Drive, Plano, Texas 75093, signed and delivered to Athas Capital Group, Inc. ("Athas") a Deed of Trust, Assignment of Rents, Security Agreement and Fixture Filing (the "Deed of Trust"), granting a lien on the real property located at 31 Bob White Trail, Mount Vernon, Texas 75457 (the "Property"). That same day, Athas executed an Assignment of Deed of Trust (the "Assignment"), transferring all of its rights, title and interest in the Deed of Trust, to RAMA.

7. Copies of the Deed of Trust and Assignment, both of which were recorded in the

2

official records of Franklin County, Texas on September 15, 2017, are attached as Exhibits A and B, respectively.

**B.     The Later-In-Time Federal Tax Liens.**

8.     Following RAMA's perfection of its Deed of Trust lien, the IRS recorded two Notices of Federal Tax Liens (the "Tax Liens") against the Property on December 12, 2017 (Serial Number 288516617) and December 4, 2018 (Serial Number 335148818). Copies of the Tax Liens are attached as Exhibits C and D, respectively.

**C.     RAMA's Foreclosure of its Deed of Trust.**

9.     RAMA foreclosed its superior Deed of Trust lien and purchased the Property at a non-judicial foreclosure sale on June 5, 2019. A copy of the recorded Foreclosure Sale Deed is attached as Exhibit E.

10.    On May 2, 2019 – 34 days before the foreclosure sale – RAMA provided the IRS with written notice that the sale would take place, attaching both a copy of the Notice of Sale and each of the Tax Liens (the "IRS Notice"). A copy of the IRS Notice, which was sent by USPS regular mail *and* certified mail, return receipt requested, is attached hereto as Exhibit F.

11.    Following expiration of the IRS's 120-day redemption period, *see* 26 U.S.C. § 7425(d), RAMA diligently, and repeatedly, requested the IRS to discharge its Tax Liens from the Property. Specifically:

- RAMA sent its initial request for a certificate of discharge to the IRS on November 4, 2019;

- RAMA sent its second request for a certificate of discharge to the IRS on December 4, 2019;

- RAMA sent its third request for a certificate of discharge to the IRS on January 7, 2020; and

- RAMA sent its fourth request for a certificate of discharge to the IRS on February

3

10, 2020.

Yet, the IRS has steadfastly refused to discharge its inferior Tax Liens from the Property's title. As a result of this continued cloud on RAMA's title, RAMA has been precluded from closing a sale of the Property to a third-party buyer.

## V.
## CONDITIONS PRECEDENT

12. All conditions precedent to RAMA's right to recover on the claims asserted herein have been performed, have been waived or have been legally excused.

## VI.
## CAUSE OF ACTION: QUIET TITLE

13. RAMA incorporates by reference the factual allegations set forth in Section IV of this Petition as if fully restated at length herein.

14. "A suit to quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim to the property." *Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App. – Houston [1st Dist.] 2011, no pet.). A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property. *Id.* "The effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title." *Id.*

15. RAMA holds superior title to the Property by virtue of the Foreclosure Sale Deed. The lien RAMA foreclosed was recorded and perfected long before the IRS Tax Liens. The Deed of Trust, then, is first in time and is superior to the IRS' later filed Tax Liens under Texas law. *See Tanya L. McCabe Tr. v. Ranger Energy LLC*, 531 S.W.3d 783, 798 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("The general rule is that in a contest over rights or interests in property, the party that is first in time is first in right.").

4

16. This principle applies equally to the IRS Tax Liens, with one statutory caveat: the IRS is entitled to written notice of the sale by registered or certified mail at least 25 days before the foreclosure sale. *See* 26 USCS § 7425(b). That statutory notice was provided on May 2, 2019 – *34 days* before the sale took place. *See* Exhibit F. Thus, the IRS's junior Tax Liens were discharged by RAMA's foreclosure sale but remain a cloud on the Property's title – frustrating RAMA's efforts to market the Property. RAMA therefore seeks an order quieting title to the Property and removing the IRS' Tax Liens from its title.

## VII.
## PRAYER

Accordingly, Plaintiff The RAMA Fund, LLC respectfully prays that the Court enter judgment for Plaintiff and against Defendant removing the Tax Liens as clouds from RAMA's title to the Property, vesting clear title in RAMA, and for such other and further relief, at law or in equity, to which RAMA may be justly entitled.

Respectfully submitted,

By: /s/ *Joshua A. Huber*
Joshua A. Huber
State Bar No. 24065457
BLANK ROME LLP
717 Texas Avenue, Suite 1400
Houston, Texas 77002
(713) 228-6601
(713) 228-6605 (Fax)
jhuber@blankrome.com

ATTORNEYS FOR PLAINTIFF THE RAMA FUND, LLC

| CITATION BY CERTIFIED MAIL - TRC 106 |
|---|

### Cause No. 12655

| The RAMA Fund, LLC | | IN THE 62ND DISTRICT COURT |
|---|---|---|
| VS. | | OF |
| Department of Treasury-IRS; | | FRANKLIN COUNTY, TEXAS |

**TO: Department of Treasury-IRS; by serving the Civil Process Clerk, United States Attorney's Office, Eastern District Of Texas,110 North College suite 700, Tyler TX 75702**

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition For Quiet Title** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date you were served this citation and petition before the Honorable 62nd Judicial District Court of Franklin County, at the Courthouse in said County in Mt. Vernon, Texas. Said **Plaintiff's Original Petition For Quiet Title** was filed in said court on the 13th day of May, 2020 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition For Quiet Title** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at Mt. Vernon, Texas on this the 14th day of May, 2020

Attorney for Plaintiff:

Joshua A. Huber
Blank Rome LLP
717 Texas Avenue Suite 1400
Houston TX 77002

Clerk of the Court:

Ellen Jaggers
Franklin County, Texas

By_____
Deputy

## CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the 13th day of May, 2020 at 3:36 o'clock p.m. and executed on this the 14th day of May, 2020 by mailing the same to Department of Treasury-IRS by serving the Civil Process Clerk, United States Attorney's Office, Eastern District Of Texas, at 110 North College, suite 700 Tyler, TX 75702 by registered or certified mail, return receipt requested. A true copy of this citation with a copy of the petition were attached thereto.

Fees .......... $40.00

Ellen Jaggers/ District Clerk
Franklin County, Texas

By_____
Deputy

[Attach return receipts with addressee's signature to reverse side]